UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 08-5502BHS |
| Plaintiff, | |
| vs. | **TEMPORARY RESTRAINING ORDER** |
| FRANCISCO ABELLAN,<br>VEGA STAR CAPITAL, SL,<br>EU EQUITY HOLDINGS INC.,<br>KLO FINANCIAL SERVICES INC.,<br>GENE HEW-LEN,<br>NXGEN HOLDINGS, INC., formerly known as<br>   GHL TECHNOLOGIES, INC., | |
| Defendants, | |
| and | |
| APOLLO CORPORATION,<br>D&O INTERNATIONAL CORP.,<br>HALSTON CAPITAL LTD.,<br>INSIGHT MARKETING &<br>   COMMUNICATIONS INC.,<br>LACROIX INTERNATIONAL<br>   HOLDINGS LTD.,<br>MEDIA PACIFIC INC.,<br>MORTENSEN FINANCIAL LTD.,<br>OMNI CONSULTING SERVICES INC., | |
| Relief Defendants. | |

This matter came before the Court on the *ex parte* application of plaintiff Securities and Exchange Commission ("Commission") for a temporary restraining order. The Court has received and considered the Commission's complaint, application, memorandum of points and authorities, the declarations of Jennifer L. Scafe, Robert L. Tashjian, and Tonia J. Tornatore and all exhibits attached to those declarations, and all other submissions, written or oral, at or before the hearing. Good cause appearing, the Court finds:

1. This Court has jurisdiction over the parties and the subject matter of this action, pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

2. This District is an appropriate venue for this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

3. The Commission has demonstrated a likelihood of success on the merits of its action and that the balance of hardships weighs in its favor. With respect to the balance of hardships, the public interest weighs strongly in favor of issuance of injunctive relief.

4. Good cause exists to believe that defendants Francisco Abellan, Vega Star Capital, SL ("Vega Star"), EU Equity Holdings Inc. ("EU"), and KLO Financial Services Inc. ("KLO") (collectively, the "Promoter Defendants") have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business which constitute and will constitute violations of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and 15 U.S.C. § 77e(c)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

5. Good cause exists to believe that relief defendants Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc. (collectively, the "Relief Defendants") received funds belonging to other persons to which they do not have a superior legal right or claim.

6. Good cause exists to believe that immediate and irreparable injury will occur with respect to the Promoter Defendants' and Relief Defendants' assets, including those held by each individually and those they hold jointly, which would adversely affect the ability of the Court to grant final effective relief in equity and at law, unless the Promoter Defendants and Relief Defendants are immediately restrained and enjoined from controlling those assets and are required to repatriate assets.

7. Good cause exists to believe that there is an immediate and irreparable risk of injury to or loss of defendants' records, unless defendants are immediately restrained and enjoined from destroying them.

8. Good cause exists to permit immediate discovery by the parties under the Federal Rules of Civil Procedure to allow the parties to present facts to the Court at a hearing, if required, to determine whether a preliminary injunction should be issued.

9. Good cause exists for an order, pursuant to Federal Rule of Civil Procedure 4(f)(3), permitting for service in this case by means not prohibited by international agreement, including in this case: e-mail or International Fed Ex (or by an international courier of equivalent reliability).

10. Good cause exists for an order issuing a Request for International Assistance via a letter rogatory directed to the appropriate judicial authorities in the principality of Andorra (in the form set forth in the proposed letter rogatory submitted herewith and filed under seal).

11. The Court finds that Plaintiff made multiple attempts to notify all Defendants as to both the filing of the TRO and the hearing on the TRO.

Therefore,

I.

IT IS HEREBY ORDERED THAT defendants Francisco Abellan, Vega Star Capital, SL, EU Equity Holdings Inc., and KLO Financial Services Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, their own funds, assets, securities, claims, or other property wherever located, as well as any of the funds, assets, securities, claims or other property of relief defendants Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc., wherever located, including but not limited to the assets in accounts owned, controlled, or opened for their benefit at the following financial institutions and brokerage firms:

1. Bank of America
2. Park Financial Group, Inc.
3. U.S. Bank

II.

IT IS FURTHER ORDERED THAT an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm holding accounts in the name or for the benefit of Francisco Abellan, Vega Star Capital, SL, EU Equity Holdings Inc., KLO Financial Services Inc., Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc., and that all banks, financial institutions and brokerage firms holding such accounts shall not permit transactions in such accounts without further order of the Court.

SEC v. Abellan, et al., No. _____    3
Temporary Restraining Order and Order to
show cause re Preliminary Injunction

III.

IT IS FURTHER ORDERED THAT defendants Francisco Abellan, Vega Star Capital, SL, EU Equity Holdings Inc., and KLO Financial Services Inc., and relief defendants Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, within ten (10) days of entry of this order, shall repatriate, and take such steps as are necessary to repatriate to the territory of the United States of America, any and all assets and funds, held by or in the name of or for the benefit of defendants or relief defendants, or over which any of them maintained or maintains and/or exercises or exercised control.

IV.

IT IS FURTHER ORDERED THAT defendants Francisco Abellan, Vega Star Capital, SL, EU Equity Holdings Inc., and KLO Financial Services Inc., and relief defendants Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall keep, preserve and maintain all of their books, records, papers, account statements, computers, email, electronic data, journals, data bases, calendars, hard drives, flash drives, or any other documents, materials and media (however created, produced, or stored) that relate to any of the matters raised in this proceeding.

V.

IT IS FURTHER ORDERED THAT the parties may immediately take discovery by any means authorized under the Federal Rules of Civil Procedure.

## VI.

IT IS FURTHER ORDERED THAT the Court hereby makes the following Request for International Assistance to the appropriate judicial authorities in the principality of Andorra, and specifically requests that the letter rogatory directed to the Andorran authorities and filed under seal herewith be issued.

## VII.

IT IS FURTHER ORDERED THAT, pursuant to Federal Rule of Civil Procedure 4(f)(3), in addition to service otherwise permitted by rule, service of all papers in this case, including without limitation all pleadings, orders, motions, discovery requests and responses, and all documents otherwise authorized by rule to be filed or served on a party, may be served by e-mail or by International Fed Ex (or by an international courier of equivalent reliability). In addition, the plaintiff is directed to attempt to perfect service upon parties in accordance with the laws of the countries in which the respective parties may reside.

Dated this 14th day of August, 2008

_____
BENJAMIN H. SETTLE
United States District Judge