UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCISCO ABELLAN,<br>VEGA STAR CAPITAL, SL,<br>EU EQUITY HOLDINGS INC.,<br>KLO FINANCIAL SERVICES INC.,<br>GENE HEW-LEN,<br>NXGEN HOLDINGS, INC., formerly known as<br>   GHL TECHNOLOGIES, INC.,<br><br>Defendants,<br><br>and<br><br>APOLLO CORPORATION,<br>D&O INTERNATIONAL CORP.,<br>HALSTON CAPITAL LTD.,<br>INSIGHT MARKETING &<br>   COMMUNICATIONS INC.,<br>LACROIX INTERNATIONAL<br>   HOLDINGS LTD.,<br>MEDIA PACIFIC INC.,<br>MORTENSEN FINANCIAL LTD.,<br>OMNI CONSULTING SERVICES INC.,<br><br>Relief Defendants. | Case No. 08-cv-5502 BHS<br><br>**PRELIMINARY INJUNCTION ORDER** |

This matter came before the Court on an order to show case why a preliminary injunction should not be issued. The Court has received and considered the complaint, the *ex parte* application for a temporary restraining order submitted by plaintiff Securities and Exchange Commission

SEC v. ABELLAN, ET AL., No. 08-CV-5502 BHS
PRELIMINARY INJUNCTION

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2600
SAN FRANCISCO, CA 94104
(415) 705-2500

("Commission"), the Stipulation Between Plaintiff Securities and Exchange Commission and Defendants Francisco Abellan and Vega Star Capital, SL re Preliminary Injunction, the Commission's memoranda of points and authorities in support of the temporary restraining order and preliminary injunction, the declarations of Travis Bryant, David Farber, Jennifer L. Scafe, Robert L. Tashjian, Tonia J. Tornatore and all exhibits attached to those declarations, and all other submissions, written and oral, at or before the hearing.

Good cause appearing, the Court finds:

1. This Court has jurisdiction over the parties and the subject matter of this action, pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

2. This District is an appropriate venue for this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

3. The Commission has demonstrated a likelihood of success on the merits of its action and that the balance of hardships weighs in its favor. With respect to the balance of hardships, the public interest weighs strongly in favor of issuance of injunctive relief.

4. Good cause exists to believe that defendants Francisco Abellan, Vega Star, SL, EU Equity Holdings Inc. ("EU"), and KLO Financial Services Inc. ("KLO") have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business which constitute and will constitute violations of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and 15 U.S.C. § 77e(c)].

5. Good cause exists to believe that relief defendants Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc. (collectively, the "Relief Defendants") received funds belonging to other persons to which they do not have a superior legal right or claim.

6. Good cause exists to believe that immediate and irreparable injury will occur with respect to defendants Francisco Abellan's, Vega Star, SL's, EU's and KLO's and Relief Defendants' assets, including those held by each individually and those they hold jointly, which would adversely affect the ability of the Court to grant final effective relief in equity and at law, unless defendants Francisco Abellan, Vega Star, SL, EU and KLO and Relief Defendants are immediately restrained and enjoined from controlling those assets and are required to repatriate assets.

7. Good cause exists to believe that there is an immediate and irreparable risk of injury to or loss of defendants EU's and KLO's and Relief Defendants' records, unless defendants and Relief Defendants are immediately restrained and enjoined from destroying them.

8. Good cause exists to permit immediate discovery by the parties under the Federal Rules of Civil Procedure to allow the parties to present facts to the Court at a hearing, if required, to determine whether this Preliminary Injunction should be expanded, modified, or dissolved.

9. The Court finds that the Commission made multiple attempts to notify the adversely affected defendants and Relief Defendants as to its *ex parte* application for the temporary restraining order and the hearing on the temporary restraining order.

10. The Court finds that the Commission has satisfied the notice requirements set out in Federal Rule of Civil Procedure 65(a)(1), and provided constructive or actual notice to the adversely affected defendants and Relief Defendants as to the Temporary Restraining Order, the Order to Show Cause re Preliminary Injunction, the Order Extending Temporary Restraining Order and the hearing on the Order to Show Cause re Preliminary Injunction. The Court held a preliminary injunction hearing on September 11, 2008, and no defendant or Relief Defendant appeared.

11. The Court directs the Commission to submit to the Court letters rogatory addressed to the Ministry of Foreign Affairs of the Republic of Panama requesting service on D&O, EU, Insight, KLO, Media Pacific, and Omni. The Court further directs the Commission to submit to the Court letters rogatory addressed to the General Registry in Belize requesting service on Mortensen and to the Registrar of the Supreme Court in the British Virgin Islands requesting service on Halston and Lacroix.

12. The Court finds that Dominica, the host country of Relief Defendant Apollo, is not signatory to any international agreement regarding service. The Court finds that Apollo's articles of association permit service by mail to the corporation or registered agent. The Court authorizes service to Apollo by hand delivery or mail to the corporate address or registered agent's address of Apollo.

Therefore,

I.

IT IS HEREBY ORDERED THAT defendant EU Equity Holdings Inc. and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, defendant EU Equity Holdings Inc.'s funds, assets, securities, claims, or other property wherever located, including but not limited to the assets in accounts owned or controlled by defendant EU Equity Holdings Inc., or held for defendant EU Equity Holdings Inc.'s benefit, at Park Financial Group, Inc.

II.

IT IS FURTHER ORDERED THAT defendant KLO Financial Services Inc. and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, defendant KLO Financial Services Inc.'s funds, assets, securities, claims, or other property wherever located, including but not limited to the assets in accounts owned or controlled by defendant KLO Financial Services Inc., or held for defendant KLO Financial Services Inc.'s benefit, at Park Financial Group, Inc.

III.

IT IS FURTHER ORDERED THAT relief defendant Apollo Corporation and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant Apollo Corporation's funds, assets, securities, claims, or other property wherever located, including but not limited to the assets in accounts owned or controlled by relief defendant Apollo Corporation, or held for relief defendant Apollo Corporation's benefit, at Park Financial Group, Inc.

IV.

IT IS FURTHER ORDERED THAT relief defendant D&O International Corporation and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant D&O International Corporation's funds, assets, securities, claims, or other property wherever located, including but not limited to the assets in accounts owned or controlled by relief defendant D&O International Corporation, or held for relief defendant D&O International Corporation's benefit, at Park Financial Group, Inc. and Penson Financial Services, Inc.

V.

IT IS FURTHER ORDERED THAT relief defendant Halston Capital Ltd. and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant Halston Capital Ltd.'s funds, assets, securities, claims, or other property wherever located, including but not limited to the assets in accounts owned or controlled by relief defendant Halston Capital Ltd., or held for relief defendant Halston Capital Ltd.'s benefit, at Park Financial Group, Inc.

VI.

IT IS FURTHER ORDERED THAT relief defendant Insight Marketing & Communications Inc. and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant Insight Marketing & Communications Inc.'s funds, assets, securities, claims, or other property wherever located.

VII.

IT IS FURTHER ORDERED THAT relief defendant Lacroix International Holdings Ltd. and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant Lacroix International Holdings Ltd.'s funds, assets, securities, claims, or other property wherever located, including but not limited to the assets in accounts owned or controlled by relief defendant Lacroix International Holdings Ltd., or held for relief defendant Lacroix International Holdings Ltd.'s benefit, at Park Financial Group, Inc.

VIII.

IT IS FURTHER ORDERED THAT relief defendant Media Pacific Inc. and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant Media Pacific Inc.'s funds, assets, securities, claims, or other property wherever located.

IX.

IT IS FURTHER ORDERED THAT relief defendant Mortensen Financial Ltd. and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant Mortensen Financial Ltd.'s funds, assets, securities, claims, or other property wherever located, , including but not limited to the assets in accounts owned or controlled by relief defendant Mortensen Financial Ltd., or held for relief defendant Mortensen Financial Ltd.'s benefit, at Park Financial Group, Inc.

X.

IT IS FURTHER ORDERED THAT relief defendant Omni Consulting Services Inc. and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant Omni Consulting Services Inc.'s funds, assets, securities, claims, or other property wherever located.

XI.

IT IS FURTHER ORDERED THAT defendant Francisco Abellan and his respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, defendant Francisco Abellan's funds, assets, securities, claims, or other property wherever located.

XII.

IT IS FURTHER ORDERED THAT relief defendant Vega Star, SL, and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, relief defendant Vega Star, SL's funds, assets, securities, claims, or other property wherever located.

XIII.

IT IS FURTHER ORDERED THAT an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm holding accounts in the name or for the benefit of Francisco Abellan, Vega Star Capital, SL, EU Equity Holdings Inc., KLO Financial Services Inc., Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc., and that all banks, financial institutions and brokerage firms holding such accounts shall not permit transactions in such accounts without further order of the Court.

XIV.

IT IS FURTHER ORDERED THAT defendants Francisco Abellan, Vega Star Capital, SL, EU Equity Holdings Inc. and KLO Financial Services Inc., and relief defendants Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, within ten (10) days of entry of this order, shall repatriate, and take such steps as are necessary to repatriate to the territory of the United States of America, any and all assets and funds, held by or in the name of or for the benefit of defendants or

relief defendants, or over which any of them maintained or maintains and/or exercises or exercised control.

XV.

IT IS FURTHER ORDERED THAT defendants Francisco Abellan, Vega Star Capital, SL, EU Equity Holdings Inc. and KLO Financial Services Inc., and relief defendants Apollo Corporation, D&O International Corp., Halston Capital Ltd., Insight Marketing & Communications Inc., Lacroix International Holdings Ltd., Media Pacific Inc., Mortensen Financial Ltd., and Omni Consulting Services Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall keep, preserve and maintain all of their books, records, papers, account statements, computers, email, electronic data, journals, data bases, calendars, hard drives, flash drives, or any other documents, materials and media (however created, produced, or stored) that relate to any of the matters raised in this proceeding.

XVI.

IT IS FURTHER ORDERED THAT the parties may immediately take discovery by any means authorized under the Federal Rules of Civil Procedure.

Dated this 11th day of September, 2008

_____

BENJAMIN H. SETTLE
United States District Judge